IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| GALLERIA COLLISION, INC. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. G-11-019 |
| | § | |
| ALLIED PROPERTY AND CASUALTY | § | |
| INSURANCE COMPANY | § | |

### ORDER OF ABATEMENT

On February 3, 2011, the Court conducted Hearing on, *inter alia*, the Verified Plea in Abatement of Defendant Allied Property and Casualty Insurance Company. Having considered the Motion, all related submissions of the Parties, and the arguments of counsel, the Court issues this Opinion and Order granting Allied's Plea.

The Court finds that the pre-petition Notice sent to Allied on behalf of Plaintiff, Galleria Collision, Inc., was insufficient, at least as to "the amount of actual damages and expenses, including attorneys' fees, reasonably incurred in asserting the claim against" Allied as required by Section 541.154 of the Texas Insurance Code. Specifically, while the Notice of Claim provided an engineers assessment of Galleria's hurricane damage in the amount of $88,413.19, it failed to advise Allied of the basis for the additional $31,586.81 included in its "economic damages in the amount of at least $120,000.00." Cf. International Nickel Co. v. Trammel Crow Distrib., 803 F.2d 150, 156 (5th Cir. 1986) (Applying the Notice provision of the Texas DTPA.)

It is, therefore, **ORDERED** that Allied's Verified Plea in Abatement (Instrument no. 15) is **GRANTED** and this action is **ABATED**.

It is further **ORDERED** that Galleria **SHALL**, on or before **February 11, 2011**, provide Allied with a written Notice of Claim in compliance with the Texas Insurance Code; a copy of the Notice of Claim **SHALL** be filed with the Court.

It is further **ORDERED** that Allied **SHALL**, on or before **February 16, 2011**, file its objections, if any, to Galleria's Notice of Claim.

It is further **ORDERED** that, in the absence of any objections, the Abatement **WILL** automatically **TERMINATE** on **Monday, April 18, 2011**.

If Galleria's claim is not resolved during the period of Abatement, it is further **ORDERED** that this Court **WILL** conduct a **Status / Scheduling Conference, by Telephone, with counsel of record, on Friday, April 22, 2011, at 10:30 a.m.**.

The Court **WILL** defer any consideration of Allied's Motion for Partial Dismissal until after the Abatement has terminated.

**DONE** at Galveston, Texas, this ___7th___ day of February, 2011.

_____
John R. Froeschner
United States Magistrate Judge