IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| GALLERIA COLLISION, INC. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. G-11-019 |
| | § | |
| ALLIED PROPERTY AND CASUALTY | § | |
| INSURANCE COMPANY | § | |

## INITIAL SCHEDULING ORDER

**IN LIEU OF THE REQUIREMENTS OF RULE 26**, the following Orders **SHALL** control the initial, informal discovery required by the Court in this Cause.

1. If they have not already done so, the Parties **SHALL**, no later than **June 21, 2011**; exchange the complete claim files in their possession, except for privileged documents, and provide the following:

    a) a list of any independent adjusters and other persons the Parties have had evaluate the property damage;

    b) a list of any expert witnesses retained during the claim handling process;

    c) a list of all repairs to the property that have been made regardless of whether or not the repairs have been completed; and

    d) a copy fo any estimates of property damages.

    The Plaintiffs **SHALL** also provide the Defendant with a statement of whether a flood claim has been made and when and where the flood claim file can be available for possible review.

    Any privileged documents withheld should be identified in a "privilege log."

2. Following the production of the claims files the Parties should timely review same and request from each other any additional supplemental documents not initially produced including, but not limited to, the files and reports of engineers, adjusters, experts and other persons involved in the assessment of property damage. The supplemental documents agreed upon by the Parties **MUST BE** produced within **45 days** of the completion of the initial production, but in no event any later than **August 5, 2011**.

3.  Within **60 days** following the completion of the production herein ordered or, if production has already been completed the date of this Order, but in no event any later than **October 4, 2011**, the Parties **SHALL** file a written Status Report which must address, with as much specificity as possible, the following matters:

    a)  the additional discovery that will be needed;

    b)  the time in which the discovery can reasonably be completed;

    c)  the coverage issues, if any, which preclude appraisal;

    d)  whether the case involves a serious proof of loss dispute;

    e)  whether the case involves an ICC claim, an SBA interest or the FEMA buyout plan; and

    f)  any other case-specific issues requiring the Court's attention.

4.  Following receipt of the Status Report, the Court **WILL** schedule a prompt Telephone Conference with the Parties to discuss the establishment of a reasonable Scheduling Order.

5.  This Initial Scheduling Order **DOES NOT** preclude the Parties from engaging in any additional discovery they, by agreement, wish to conduct.

6.  **NO** Motions for Summary Judgment shall be filed without a prior Conference with the Court.

7.  The Parties are to promptly contact the Court if any disputes or problems arise that the Court's intervention may help resolve.

    **DONE** at Galveston, Texas, this ___22nd___ day of April, 2011.

                                            _____
                                            John R. Froeschner
                                            United States Magistrate Judge

2